96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hector CUBERO, Martin Barreiro, & Jason McCoy, Plaintiffs-Appellants,
v.
Dave BURTON & Roger Schmitt, Defendants-Appellees.
 No. 96-1494.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1996.*
Decided Sept. 3, 1996.
 
 Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Hector Cubero, Martin Barreiro, and Jason McCoy, state prisoners acting pro se, sued Superintendent Dave Burton and Sergeant Roger Schmitt of the McNaughton Correctional Center in Wisconsin for violating their civil rights and the Religious Freedom Restoration Act ("RFRA"). 42 U.S.C. §§ 1983, 2000bb.[1] Plaintiffs claimed that defendants interfered with their First Amendment right to practice their Native American religion by denying them religious materials; denying permission to "smudge" in their rooms; and temporarily closing a sweat lodge at the prison. The district court granted summary judgment to defendants. We affirm on different grounds than the district court.
 
 
 2
 McNaughton Correctional Center maintains a sweat lodge for practitioners of Native American religions. The Wisconsin Department of Corrections has promulgated regulations concerning its use. Plaintiff Cubero wrote a letter complaining that defendant Schmitt, the Native American religious liaison at the prison, interfered with prisoners' ability to practice their religion by telling prisoners that the state would not supply them with certain materials which they wished to use in sweat lodge rituals, and that the prison could not purchase a new tarp to keep wood for the rituals dry until the start of a new fiscal year. In addition, Cubero complained that the sweat lodge was falling apart and needed rebuilding, and that participants were not allowed to purify their rooms before prayers by burning a mixture of sage, sweetgrass, tobacco, cedar, and other herbs (called "smudging").
 
 
 3
 On August 18, 1995, following the complaint about the dilapidated condition of the sweat lodge, defendant Burton ordered it closed pending inspection by a maintenance person and a Native American spiritual leader. Burton offered to transport prisoners to another facility for sweat lodge ceremonies if the McNaughton lodge remained closed more than three months. The lodge in fact reopened September 2, and was reconstructed September 9, 1995. Prison officials also explained that for safety reasons, including the prison's "no smoking" policy, prisoners could only purify their rooms by "smudging" when they first transferred to the room. Officials confirmed that they would buy a new tarp at the start of the new fiscal year, but indicated prisoners would have to purchase their own materials for ritual use. Plaintiffs then filed this lawsuit, alleging the same facts that Cubero made in his complaints to prison authorities, and adding that closing the sweat lodge further violated the First Amendment rights of Native American religious practitioners.
 
 
 4
 The district court, citing O'Lone v. Shabazz, 482 U.S. 342, 353 (1987), granted summary judgment to defendants on grounds that their actions were rationally related to a legitimate penological interest. That standard no longer applies. Under the Religious Freedom Restoration Act, government may substantially burden a person's religion only if the government shows that it is using the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000bb(1)(b). A substantial burden "is one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or expression that manifests a central tenet of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs." Mack v. O'Leary, 80 F.3d 1175, 1179 (7th Cir.1996).
 
 
 5
 The defendants' refusal to purchase religious materials at state expense did not deny the plaintiffs access to such materials altogether, and so did not violate the RFRA. In contrast, plaintiffs' pleadings and affidavits to the district court indicated that they personally adhered to Native American beliefs that required the availability of a sweat lodge constructed in a particular manner and of specific materials, and regular performance of a Sacred Pipe ceremony, with a "smudging" ritual beforehand. The affidavits further alleged that these rituals are deeply rooted in Native American religious doctrine. This evidence is sufficient to show a substantial burden on religion.
 
 
 6
 Despite this, we agree that this case cannot survive summary judgment. Maintaining safety and order in prisons "is a compelling government interest and one that frequently requires and so justifies limitations on freedom of religious conduct." Mack, 80 F.3d at 1180. Given the deference due to prison administrators, id., we find that the uncontested facts show that defendants were justified in briefly closing the sweat lodge to make sure that it remained structurally sound, in delaying the purchase of a tarp for a month until the beginning of the next fiscal year, and in limiting plaintiffs to purifying their rooms by "smudging" only when they first move in. Plaintiffs' contention that defendants failed to adhere to state prison regulations on Native American religious practices is to no avail. Assuming arguendo that defendants did violate these regulations, Wisconsin procedure created no independent substantive right under the federal constitution. Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983).
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 While plaintiffs' complaint cited only § 1983 and the First and Fourteenth Amendments, they discussed the RFRA at length in their memoranda to the district court. Defendants, both before the district court and on appeal, agree that the RFRA governs this action, and do not question its applicability to prison inmates. See Sasnett v. Sullivan, No. 95-3924, 91 F.3d 1018, 1996 WL 432348 (7th Cir. Aug. 2, 1996)